46 So.2d 426

## WOODALL v. STATE.

### 5 Div. 319.

Court of Appeals of Alabama.
May 16, 1950.

R. C. Wallace, of La Fayette, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Bartoh, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment, which charged the defendant with murder in the second degree, she was convicted of the offense of manslaughter in the first degree, and the jury fixed her punishment at imprisonment for a period of eight years. The court adjudged her guilty, in accordance with the verdict of the jury, and sentenced her to imprisonment in the penitentiary for eight years.

The trial of the case in the court below was unusual in that it proceeded throughout without the reservation of exceptions. At the conclusion the defendant requested the general charge as to the three degrees of homicide incorporated in the indictment.

Upon the arraignment of the defendant she admitted that she struck the fatal blow, but insisted she did so in self-defense and contended therefore she was not guilty.

It would serve no good purpose to recite the evidence adduced upon the trial. Suffice it to say the evidence presented a jury question, and, as stated, the jury's verdict was adverse to the accused. Under the evidence the court was without authority to direct a verdict in favor of the defendant, hence there was no error in the action of the court in refusing the three written charges requested, each of which was the affirmative charge as to the three offenses contained in the indictment.

The trial court delivered a most excellent oral charge to the jury. This charge was full, comprehensive and thoroughly fair in every way to the accused.

No error appearing throughout the trial, it follows that the judgment of conviction from which this appeal was taken must be and is affirmed.

Affirmed